IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE OF KANSAS, ex rel.
STEPHEN N. SIX, ATTORNEY
GENERAL OF KANSAS,

           Petitioner,

Vs.                                        No. 09-4088-SAC

DAVID MARTIN PRICE,

           Respondent.

MEMORANDUM AND ORDER

The respondent David Martin Price has filed a notice of removal on the *quo warranto* action pending before the Kansas Supreme Court (Dk. 1), and he attached to his notice a petition for review (Dk. 1-2) with a supporting memorandum (Dk. 1-3). Appearing *pro se*, the respondent also has filed a motion to proceed without prepayment of fees. (Dk. 3). On their face, the respondent's representations about his financial status show him to be unable to pay the filing fee and qualify him for proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

By proceeding *in forma pauperis*, the respondent's removal action is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which establishes that "the court shall dismiss the case at any time if the court determines that . . .

the action . . . is frivolous or . . . fails to state a claim on which relief may be granted"). *See Lister v. Department of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)(stating 28 U.S.C. § 1915(e)(2)(B) applies to nonprisoner IFP proceedings). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the *pro se* party's pleading is entitled to a liberal construction, the court is not an advocate and will not allege additional facts or assert alternative legal theories for the *pro se* party. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

A respondent/defendant in a state civil action may remove it to federal district court if original federal jurisdiction exists. 28 U.S.C. § 1441(a). "[R]emoval is reserved for those cases 'that originally could have been filed in federal court.'" *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "'This jurisdictional prerequisite to removal is an absolute, non-waivable requirement.'" *Id.* (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir.

1996). When the assertion of removal jurisdiction is based on federal question, the court generally relies on the "well-pleaded complaint rule," that is, an action arises under federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 386 (citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiciton, the case shall be remanded." 28 U.S.C. § 1447(c).

**BACKGROUND**

The petitioner, the Kansas Attorney General, filed on April 27, 2006, an original action in quo warranto (No. 96481) with the Kansas Supreme Court to enjoin David Martin Price and others from engaging in the unauthorized practice of law. *State ex rel. Morrison v. Price*, 285 Kan. 389, 389-90, 172 P.2d 561 (2007). Approximately three months later, David Martin Price and the others filed a notice of removal to federal district court. *Id.* at 390.

On September 26, 2006, Judge Robinson remanded the action (No. 96481) on the State's motion to remand and found:

> The Petition in *Quo Warranto* consists of an action exclusively under the laws of the State of Kansas to enjoin respondents from engaging in the unauthorized practice of law within the State of Kansas. The regulation of the practice of law is a state matter, and the Tenth

3

> Circuit recently held that an action to enjoin the unauthorized practice of law did not fall within the federal district court's federal question jurisdiction. Moreover, plaintiff's purported federal law counter claim does not create federal question jurisdiction justifying removal, nor can jurisdiction be conferred by counterclaim. Likewise, it is well-established that a case may not be removed to federal court on the basis of a federal defense, including a constitutional defense based on First Amendment considerations.

*Kansas ex rel. Kline v. Price*, 2006 WL 2795492, at *1 (D. Kan. Sep. 26, 2006) (quotation marks, footnotes, and citations omitted). The district court further found that Price and others "lacked an objectively reasonable basis for seeking removal" and ordered them "to pay the petitioner attorney's fees and costs expended in defending this frivolous removal litigation." *Id*. at *2. Fees and costs in the amount of $4,493.38 were awarded against the respondents who appealed these decisions to the Tenth Circuit. *Kansas, ex rel. Morrison v. Price*, 242 Fed. Appx. 590, 591, 2007 WL 2204187 (10th Cir. Aug. 2, 2007). The Tenth Circuit dismissed the appeal noting first that remand orders are "not reviewable on appeal," 28 U.S.C. § 1447(d). The panel also held that 28 U.S.C. § 1443 is inapplicable because "[t]he rights respondents claim were denied them in the *quo warranto* action are not, in the language of the statute, rights arising under any law providing for the equal civil rights of United States citizens." *Id.* at 592 (quotation marks and citation omitted).

On December 7, 2007, the Kansas Supreme Court entered a decision finding that David Martin Price had engaged in the unauthorized practice of law by presenting oral arguments to the Court on behalf of his co-respondents. 285 Kan. at 396. The Court issued a permanent injunction against David Martin Price prohibiting him "from appearing in any Kansas legal proceeding in a representative capacity for another; from taking any action intended to assist nonmembers of the state bar of Kansas in the presentation of any legal matter; . . . ." *Id.*

**CURRENT PROCEEDINGS**

By statute, the respondent Price was required to file with his notice of removal "a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a). The respondent Price has not fulfilled this requirement. Notwithstanding his failure to do so, Price's notice of removal plainly seeks to remove recent post-judgment proceedings taken to enforce the permanent injunction issued by the Kansas Supreme Case in the *quo warranto* action (No. 96481). The respondent claims this proceeding "became removable" when the Kansas Attorney General filed a motion for issuance of order to cause and for contempt on June 5, 2009. (Dk. 1, p. 2). The respondent indicates he has

filed a motion to dismiss this motion by the State on grounds of *res judicata* and *collateral estoppel*. Price summarily contends the State's recent motion "is only a continuation of harassment" experienced in that case and other cases. *Id.* at 3. After quoting the First, Fifth, Eighth, Ninth, Tenth, Eleventh, and Fourteenth Amendments to the United States Constitution, Price offers:

> "As the Show of Cause asserts that Respondent's actions were in violation of the decision of the Supreme Court, they fail to state, as the Respondent did, that the laws of Kansas support the actions of the Respondent. Thus another attempt to deny the Respondent that which is permitted by law to all others."

(Dk. 1, p. 4). In effect, Price seeks to remove the proceeding initiated by the Kansas Attorney General's motion to have the Kansas Supreme Court enforce the permanent injunction it issued against Price in 2007.

During the drafting of this order, the court received from the respondent Price a "Petition for Judicial Notice" (Dk. 4) in which he claims the petitioner "never obtained jurisdiction over" him in the original *quo warranto* action and, thus, cannot have jurisdiction over him now to reopen the action on a contempt motion. Price's jurisdictional argument is a matter of state law and does not raise any constitutional challenge. In this pleading, Price also summarily refers to his other recent action in the

6

United States District Court for the District of Kansas: *David Martin Price v. Kathryn H. Vratil, et al.*, No. 09-2198.[1]  Because this other federal lawsuit has been dismissed without prejudice as frivolous and is no longer pending, the court does not believe it should impact the assignment and processing of the action here.

Before the court decided Price's motion for leave to proceed *in forma pauperis*, the petitioner filed a motion to dismiss with supporting memorandum arguing the action should be dismissed for lack of jurisdiction and for failure to state a claim for which relief can be granted.  (Dks. 5 and 6).  This pleading was not received until after the court had evaluated the plaintiff's filings and drafted the following decision *sua sponte*.  The court sees no reason to consider any argument advanced by the petitioner and denies the motion as moot in light of the ruling that follows.

This court plainly lacks original jurisdiction of this action, and the respondent's removal of this proceeding is frivolous.  The unassailable

---

[1] In that action, Price sued for injunctive relief against this court and its Chief Judge.  This action was reassigned to Chief Judge Fernando J. Gaitan, Jr. of the United States District Court for the Western District of Missouri who dismissed the action without prejudice as frivolous and denied Price's application for leave to proceed without payment of fees. *Price v. Vratil, et al.,* No. 09-2198 at Dk. 9.  Price has appealed that order.

reasons given for the remand in *Kansas ex rel. Kline v. Price*, 2006 WL 2795492, at *1 (D. Kan. Sep. 26, 2006), apply with equal and compelling force here.[2] The Kansas Constitution "vests the Kansas Supreme Court with the inherent power to prescribe conditions for admission to the bar, and to define, supervise, regulate and control the practice of law in Kansas." *McCormick v. City of Lawrence, Kansas*, 253 F. Supp. 2d 1156, 1161 (D. Kan. 2003) (quotation marks and citations omitted). An action in *quo warranto* is the proper vehicle for inquiring "into a person's authority to practice law." *Id.* (quotation marks and citations omitted). That Price seeks to vindicate his constitutional rights in defense against this motion does not mean this action arises under federal law. *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005); *see Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (a federal defense or a federal counterclaim will not "serve as the basis for 'arising under'

---

[2]"It is well established that the unauthorized practice of law is a matter solely committed to the jurisdiction of the state courts. *See, e.g., New Mexico ex rel. Stein v. W. Estate Servs., Inc.*, 139 Fed. Appx. 37, 38 (10th Cir.2005) (unpublished decision) (finding that an action to enjoin the unauthorized practice of law did not fall within the district court's federal question jurisdiction); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1569 n. 6 (10th Cir.1993) (noting that "[t]he regulation of the practice of law is a state matter.") (citation omitted)." *Colorado v. Lewis*, 2008 WL 5423358, 4 (D.Colo. 2008).

jurisdiction").  As for the exception under 28 U.S.C. § 1443 that addresses violations of the right to racial equality, the Tenth Circuit has already found that Price's asserted rights "in the *quo warranto* action are not, . . ., rights arising under any law providing for the equal civil rights of United States citizens."  *Kansas, ex rel. Morrison v. Price*, 242 Fed. Appx. at 592.  Nor is there anything in Price's notice of removal that suggests § 1443 would have any application here.

Because the court is remanding this action early pursuant to its review authority under 28 U.S.C. § 1915(e)(2)(B)(ii), an award of costs, expense and fees for a frivolous removal pursuant to § 1447(c) seems unnecessary.  The court, however, will admonish David Martin Price that any further efforts to remove this *quo warranto* action (No. 96481) from the Kansas Supreme Court may result in the imposition of filing restrictions pursuant to the court's inherent power to regulate the activities of abusive litigants.  *See Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2005).

IT IS THEREFORE ORDERED that this *quo warranto* action (Case No. 96481) removed from the Kansas Supreme Court is remanded, and the Clerk of the Court is directed to mail a certified copy of this order of

remand to the Clerk of the Kansas Supreme Court.

IT IS FURTHER ORDERED that the plaintiff's motion to proceed without prepayment of fees (Dk. 3) is granted.

IT IS FURTHER ORDERED that the Petitioner's motion to dismiss (Dk. 5) is denied as moot.

Dated this 24th day of June, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge