IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE OF KANSAS, ex rel.
STEPHEN N. SIX, ATTORNEY
GENERAL OF KANSAS,

                Petitioner,

Vs.                                               No. 09-4088-SAC

DAVID MARTIN PRICE,

                Respondent.

MEMORANDUM AND ORDER

On June 24, 2009, the court filed an order remanding the *quo warranto* action (case No. 96481) that the defendant had removed from the Kansas Supreme Court. (Dk. 7). The court found it lacked original jurisdiction of the action and further found the respondent's removal to be frivolous. Subsequent to the order remanding this action, the respondent David Martin Price filed in this case a motion to strike (Dk. 8), a notice of appeal and stay of removal (Dk. 9), and motion to proceed on appeal without prepayment of fees (Dk. 10). The petitioner opposes the respondent's motion for leave to appeal *in forma pauperis*. (Dk. 12).

**MOTION TO STRIKE (Dk. 8)**.

The State of Kansas electronically filed a motion to dismiss in

this case bearing the caption of *State of Kansas, ex rel. Steven [sic]Six, Attorney General v. David Martin Price, et al.* and the case number of "USDC Case No. 09-2198-CV-FJG [sic]" and a cross-reference to "KS Supreme Ct. Case No. 0696481 S." (Dk. 5). While this motion bore an erroneous case number, the State of Kansas electronically filed the motion in this case, and substance of the motion corresponds with the State's plain intent to file its motion in this case. In using [*sic*] after the wrong case number, the State apparently wanted to highlight Price's mistake in using the wrong case number on his "Petition for Review" (Dk. 1-2) that he filed in the instant case as an attachment to his notice of removal. The respondent Price offers no tenable basis for striking the State's motion which this court has already denied as moot. The Tenth Circuit has observed "that the better practice is for a district court not to dispose of pending motions in connection with a remand order, but instead to remand with the motions pending." *Scherer v. Merck & Co., Inc.*, 241 Fed. Appx. 482, *484 (10th Cir. Jul. 9, 2007) (citing *Kromer v. McNabb*, 308 F.2d 863, 865 (10th Cir. 1962) and *In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959)). Since Price's motion does not bear on the procedural or substantive merits of the action on remand, the court will rule on it. The

motion to strike is summarily denied as without merit.

**NOTICE OF APPEAL AND STAY OF REMOVAL (Dk. 9)**

In this filing, the respondent Price seeks a "stay of removal" citing several federal appellate court decisions applying the standards for staying deportation orders. (Dk. 9, p. 4). This case law has no application to the respondent's request for a stay. The court remanded this case for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c) and for failure to allege any claims supporting removal under 28 U.S.C. § 1443. The precedent in this district is that the remanding court lacks jurisdiction to decide motions, such as a motion to stay the remand, filed after the case has been remanded back to state court. *Vandeventer ex rel. Estates of Vandeventer v. Guimond*, 2007 WL 2572427 at *1 (D. Kan. 2007); *Topeka Housing Authority v. Johnson*, 2004 WL 2457803 at *2 (D. Kan. 2004), *appeal dismissed in part*, 404 F.3d 1245 (10th Cir. 2005); *see also Kromer v. McNabb,* 308 F.2d at 865 (request for a stay falls within § 1447(d)'s bar on appellate review). Moreover, the defendant offers no tenable argument or relevant authority for granting a stay under these circumstances. The court denies respondent's request for stay of the remand.

**MOTION TO PROCEED ON APPEAL WITHOUT PREPAYMENT OF FEES (Dk. 10)**

As previously found by this court, on the face of the defendant's representations, he appears unable to pay the filing fee and is qualified for proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. (Dk. 7). Thus, the respondent Price may proceed on appeal in forma pauperis unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma puaperis." Fed. R. App. P. 24(a)(3)(A). The petitioner asks the court to certify the respondent's appeal is not taken in good faith.

On the unique facts of this case, the court shall certify that Price's appeal is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A). The action that Price attempted to remove now is basically the same action that he tried to remove back in 2006. The State now is only seeking to enforce the injunction entered by the Kansas Supreme Court by filing a "*Quo Warranto* Motion for Issuance of Order to Show Cause and for Contempt Judgment" before that same court and in the same case. (Dk. 13). Price learned when he removed the *quo warranto* action in 2006 that the federal district court lacks subject matter jurisdiction over such matters regardless of his asserted constitutional right defenses, *Kansas ex rel. Kline v. Price*, 2006 WL

2795492, at *1 (D. Kan. Sep. 26, 2006), and that such remand orders are not reviewable on appeal and 28 U.S.C. § 1443 is inapplicable, *Kansas, ex rel. Morrison v. Price*, 242 Fed. Appx. 590, 2007 WL 2204187 (10th Cir. Aug. 2, 2007).  Seeking basically the same relief through the same improper channels, the respondent's appeal lacks any non-frivolous argument in law or fact.

IT IS THEREFORE ORDERED that the respondent David Martin Price's motion to strike (Dk. 8) is denied, request for stay of removal (Dk. 9) is denied, and motion to proceed on appeal without prepayment of fees (Dk. 10) is denied.

Dated this 2nd day of July, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge